UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MYRNA CLAUDIO,

                Plaintiff,

          -against-

ISS FACILITY SERVICES, INC.,

                Defendant.
------------------------------------------------------------- X

**ORDER**
18 CV 5205 (CLP)

**POLLAK**, United States Magistrate Judge:

On September 14, 2018, plaintiff Myrna Claudio commenced this action against defendant ISS Facility Services, Inc. ("ISS" or "defendant"), seeking damages stemming from injuries plaintiff allegedly sustained while she was inside the break room located at Delta Air Lines Terminal D at LaGuardia Airport. (Compl.[1] ¶¶ 3, 9). Plaintiff alleges that defendant assumed the duty of repair and of cleaning the break room. (Id. ¶ 3). On April 2, 2019, the Court held a telephone conference in this matter, during which time the parties raised a discovery dispute related to documents plaintiff had requested from defendant. (See 4/2/19 Order).[2] On April 9, 2019, defendant filed a letter setting forth its objections to producing certain documents; on April 12, 2019, plaintiff filed a response, and on April 17, 2019, defendant filed its reply.

Plaintiff's Notice for Discovery and Inspection in this matter sought "'all reports, notes, memoranda, and/or minutes along with all related documentation, photographs, video recordings and/or electronic communications'" pertaining to "'1) [E]ach and every safety meeting held by Delta Air Lines; 2) [A]uthored by Teisha Borgia (Delta Air Lines Safety Specialist) 3;

---

[1] Citations to "Compl." refer to the Complaint filed by plaintiff, dated September 14, 2018, ECF No. 1.
[2] Citations to "4/2/19 Order" refer to the Electronic Order of this Court, dated April 2, 2019.

1

[A]uthored by Cieclo Ceballos (Delta Air Lines Department Manager); 4) [A]uthored by Deborah Trapini (Delta Air Lines Super Visor) [sic]; 5) [A]uthored by Anthony Lepre (Delta Air Lines Operations Service Manager).'" (4/9/19 Def.'s Ltr[3] at 1 (citing Plaintiff's Notice For Discovery and Inspection[4])). Plaintiff states that there are 20 items in total sought by plaintiff. (4/12/19 Pl.'s Ltr at 2).[5]

Rule 34 of the Federal Rules of Civil Procedure requires parties to disclose responsive documents within a responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Defendant argues that in order to show that documents are in a party's control, it must be shown that the party has the "legal right, authority or practical ability to obtain the documents." (Id. (citing Toussie v. Allstate Ins. Co., No. 14 CV 2705, 2017 U.S. Dist. LEXIS 174251, at *8-9 (E.D.N.Y. Oct. 20, 2017))). Defendant argues that plaintiff has failed to meet her "burden to prove that Defendant has the necessary legal right, authority, and control to compel production of non-party records by Defendant." Defendant claims that this is because the documents were created by employees of non-party Delta Air Lines and "nowhere in [the] relationship between ISS and Delta is a duty or right created for ISS to possess Delta's internal records and communications." (Id.)

What defendant overlooks, however, is the other prong of Rule 34, which pertains to documents in a party's "possession." Fed. R. Civ. P. 34. Plaintiff asserts that defendant "does not deny possession of the 20 items sought" and that she seeks the aforementioned documents

---

[3] Citations to "4/9/19 Def.'s Ltr" refer to defendant's letter, dated April 9, 2019, ECF No. 16.

[4] Citations to "Pl.'s Notice for Discovery and Inspection" refer to plaintiff's Notice for Discovery and Inspection, attached as Exhibit A to the plaintiff's letter, filed April 12, 2019, ECF No. 18 ("Pl.'s 4/14/19 Ltr").

[5] Citations to "4/12/19 Pl.'s Ltr" refer to plaintiff's letter, dated April 12, 2019, ECF No. 18.

2

because they are "essential, material, and relevant." (Pl.'s 4/12/19 Ltr at 1-2). Indeed, while defendant argues that it has "no ability to verify the accurate [sic] or completeness of the cited documents in question," defendant "[does] not and [has] not disputed, that we have certain documents in our possession." (Def.'s 4/9/19 Ltr at 2). Defendant contends, without further explanation, that "Plaintiff must clear certain procedural hurdles to compel response from Defendant," and must show that the documents are "not otherwise available to Plaintiff." (Id. at 2-3). Regardless of how ISS obtained the documents, and regardless of whether ISS would have the legal authority to obtain the documents if it did not already have possession of them, the documents at issue are presently in defendant's possession, and defendant is therefore required to produce them to plaintiff. See, e.g., Greater New York Taxi Assoc. v. City of New York, No. 13 CV 3089, 2017 WL 4012051, at *2 (S.D.N.Y. Sep. 11, 2017) (stating that "if a document is not in the responding party's *actual possession or custody*, courts look to see whether the party has control of it") (emphasis added).

Defendant is not obligated to seek out and obtain from non-party Delta Air Lines any other records in response to plaintiff's Notice for Discovery and Inspection. Defendant must, however, produce all records currently within defendant's possession which are responsive to plaintiff's request. Any documents responsive to plaintiff's document request currently in defendant's possession, including any which may have originally been authored by Delta Air Lines, must be produced by May 2, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 23, 2019

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York